

# IN THE
# TENTH COURT OF APPEALS

### No. 10-22-00165-CR

ANDRE DUANE BOYD,

                                                  **Appellant**

 v.

THE STATE OF TEXAS,

                                                  **Appellee**

### From the 19th District Court
### McLennan County, Texas
### Trial Court No. 2022-737-C1

## DISSENTING OPINION
## TO APRIL 23, 2024
## ORDER

The Court, based on its personal knowledge of the historical method of the way indictments in a county are prepared, filed, and maintained, and based upon the further assumption by the Court that all the trial court judges in that county handle indictments in the same way, and based upon the further assumption that the judges and parties in that county continue to conduct their business that way, ordered the trial court clerk to take an action that will modify the appellate record. I believe the Court has crossed the

line between being a neutral arbiter of the questions presented to it by the parties and has effectively become an advocate and active participant in the process.

The parties have fully briefed the issues in the appeal. Two of those issues relate to the indictment. The first is whether a purported modification is an amendment or is merely striking surplusage from it. The second is whether the indictment was physically altered. This issue is based upon the indictment as it appears in the appellate record. In the course of addressing the second issue, the State concedes that the indictment was not physically altered.

Based on its personal knowledge and recollection, information outside the existing appellate record, the Court purports to fix the problem. At this juncture, the date and manner of the physical alteration of the indictment is going to be difficult to determine. Specifically, the timing of when the purported physical striking of a word, "serious," from the indictment is going to be a challenge. While the trial court stated that it "will" strike the word "serious" from the indictment, it does not say that it has or is doing so. From the appellate record which currently exists, it is not apparent that the physical indictment was before the trial court at the time of the hearing. And it does not appear from the record that the indictment as modified was ever copied and served on the parties. The location, condition, and content of the original indictment thereafter is not accounted for in the appellate record.

The trial court clerk lost control of the original when the Court ordered it to be delivered to this Court's Clerk. The timing and circumstances of the physical alteration of the indictment cannot be determined from the appellate record. The

defendant/appellant has already presented two motions to this Court that challenge the document presented as the original indictment as having been altered; forged. Much like a break in the chain of custody for a piece of evidence, the provenance of the indictment, specifically the physical alteration thereof, has been lost.

It seems to me that there are two avenues out of this conundrum. We could address the case as presented, based on the appellate record upon which those briefs were prepared. Or, alternatively, we could abate the appeal, and remand the case to the trial court for a hearing to determine when the face of the indictment was altered, if it has been, how that alteration was communicated to the defendant, if it was, and whether the indictment as purportedly altered appears in the trial court clerk's record. Upon reinstatement, the parties would then have to be allowed to re-brief the issues based upon the hearing on remand and the supplementation of the appellate record, if any.

Because the Court has stepped outside its role as a neutral arbiter of the issues presented and renders an order for the express purpose of being able to alter the appellate record and then does so, I respectfully dissent.

<div style="margin-left: 40%;">

TOM GRAY
Chief Justice

</div>



Dissenting Opinion delivered and filed May 9, 2024
Publish
[RWR]